UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CHRISTIAN HANEY,

       Plaintiff,

v.                         Civil Action No. 2:19-cv-00200

NATHANIEL BARKLEY, individually and in his
official capacity as a correctional officer
of the West Virginia Division of Corrections
and Rehabilitation; THE WEST VIRGINIA DIVISION
OF CORRECTIONS AND REHABILITATION; SGT. ROBERTA
M. EVANS, individually and in her official
capacity as a correctional officer of The West
Virginia Division of Corrections and Rehabilitation;
SGT. MARK A. GOODMAN, individually and in his
official capacity as a correctional officer of
The West Virginia Division of Corrections and
Rehabilitation; ADMINISTRATOR DEBRA MINNIX,
individually and in her official capacity as
administrator of The West Virginia Division of
Corrections and Rehabilitation; and JOHN DOE,
unknown person or persons, individually and in
their official capacity as correctional officers
of the West Virginia Division of Corrections and
Rehabilitation,

       Defendants.

MEMORANDUM OPINION AND ORDER

       Pending are the defendants' two motions for summary judgment, both filed on April 6, 2020, one by defendant Nathaniel Barkley and the other by the four remaining named defendants.

## I.    Background

The plaintiff, Christian Haney, initiated this civil action in the Circuit Court of Kanawha County, West Virginia on or about November 2, 2018 against defendants Nathaniel Barkley, individually and in his official capacity as a correctional officer of the West Virginia Division of Corrections and Rehabilitation ("WVDCR"); WVDCR itself; and unnamed John Does, individually and in their official capacities as WVDCR correctional officers.  See ECF No. 1-2 ("Compl.").

The action was removed to this court on March 21, 2019.  See ECF No. 1.  The plaintiff filed an amended complaint on November 5, 2019 that added three additional defendants: SGT. Roberta M. Evans, individually and in her official capacity as a WVDCR correctional officer; SGT. Mark A. Goodman, individually and in his official capacity as a WVDCR correctional officer; and Administrator Debra Minnix, individually and in her official capacity as a WVDCR administrator.  See ECF No. 44 ("Am. Compl.").

During the events of this action, the plaintiff was a female inmate residing at Tygart Valley Regional Jail ("Tygart Valley") in Randolph County, West Virginia.  Am. Comp. ¶ 2.  The plaintiff alleges that, since the opening of Tygart Valley in

2005, there has existed a "continuing practice and pattern of sexual harassment, sexual abuse and sexual exploitation visited upon female residents at the hands of correctional staff and deliberate indifference thereto." Id. ¶ 14.  Defendants Barkley and unnamed John Does were allegedly hired without undergoing pre-hiring psychological testing, as required by law.  Id. ¶ 38.

The plaintiff alleges that defendant Barkley in particular had a pattern of "act[ing] inappropriately with the female inmates at Tygart Valley, including committing sexual assault, sexual harassment, sexual abuse, sexual exploitation, and other illegal, threatening, or oppressive behavior." See id. ¶ 17.  Barkley's conduct was allegedly committed in open view of the other individual defendants - Evans, Goodman, Minnix, and unnamed John Does.  See id. ¶ 18.  The plaintiff alleges that Barkley was previously reprimanded by the other individual defendants for his inappropriate conduct with female inmates, id. ¶ 20, and that he was removed from supervising female inmates because of his conduct, id. ¶ 21.  Barkley eventually returned to working in the female pods of Tygart Valley.  Id. ¶ 22.

The plaintiff alleges that Barkley "sexually assaulted her, sexually harassed her, sexually abused her, threatened her and oppressed her under threat of retaliation."  Id. ¶ 23.

Specific allegations include that Barkley sexually harassed the plaintiff while she was working in the kitchen, id. ¶ 26; sexually harassed the plaintiff in the kitchen freezer by groping her breasts,[1] id.; ECF No. 71 at 2; intimidated the plaintiff by creating a mess in her cell room while she was working in the kitchen, Am. Compl. ¶ 26; mouthed words and held up written messages in the window of the plaintiff's cell to direct her and her roommate to perform sexual acts on each other, id. ¶ 27; and openly masturbated while directing the plaintiff and her roommate to perform sexual acts, id. ¶ 28.[2] During these incidents, Barkley allegedly threatened to retaliate against the plaintiff if she told anyone about the defendant's conduct or if she failed to perform sexual acts as directed.  See id. ¶ 30.

---

[1] The plaintiff alleges that the kitchen freezer had a blind spot where security cameras could not capture footage, which posed a danger to female inmates of being subjected to inappropriate conduct.  See Am. Compl. ¶ 25.  All the defendants allegedly knew of this danger but were deliberately indifferent to it. See id.

[2] The plaintiff's roommate, Chelsea Smith, filed her own civil action in this court against the same defendants.  See Smith v. Barkley et al., 2:19-cv-00201; see also ECF No. 71 at 2 (affirming that Chelsea Smith was the plaintiff's roommate). Two other civil actions by different plaintiffs also allege similar claims against defendant Barkley and employees of WVDCR. See Anderson v. Barkley et al., 2:19-cv-00198; Falkner v. Barkley et al., 2:19-cv-00199.

Other female inmates allegedly reported inappropriate conduct by Barkley to Tygart Valley officials on April 3, 2017. See id. ¶ 31.  The plaintiff was interviewed as part of these reports, at which point she reported Barkley's alleged conduct against herself and other inmates.  See id.  The plaintiff does not clarify how she reported the alleged conduct.  Defendant Minnix allegedly failed to follow up with witnesses about the allegations against Barkley, and labeled the plaintiff's allegations as "unsubstantiated."  See id. ¶¶ 31-32.

The plaintiff alleges that the other individual defendants "knew or should have known that Defendant Barkley was committing inappropriate conduct . . . but they knowingly and deliberately ignored the situation" and failed to report the conduct or intervene.  Id. ¶ 29.  The other individual defendants also allegedly split up the plaintiff and her roommate as retaliation for the plaintiff reporting against Barkley.  See id. ¶ 33.  Unnamed John Does allegedly continued to harass the plaintiff until she was transferred to Lakin Correctional Center.  Id. ¶ 35.

The court understands the plaintiff's complaint to allege six claims against the defendants: (1) 42 U.S.C. § 1983 for cruel and unusual punishment in violation of the Eighth Amendment and Fourteenth Amendments to the United States

Constitution;[3] (2) cruel and unusual punishment in violation of Article III, Section 5 of the West Virginia state constitution; (3) civil battery; (4) civil assault; (5) intentional infliction of emotional distress (i.e., tort of outrage); and (6) civil conspiracy.  See id. ¶¶ 39-58; see generally ECF No. 71 (affirming claims).  The plaintiff asserts theories of liability based on joint and several liability, vicarious liability, and supervisory liability.  See Am. Compl. ¶¶ 37-58.  The plaintiff seeks compensatory and punitive damages against the individual defendants, and compensatory damages against defendant WVDCR. See id. at 12.

Both motions for summary judgment have been fully briefed.  The plaintiff, however, has failed to respond to the defendants' "failure to exhaust remedies" defense.

II.  Legal Standard

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

_____

[3] As part of her § 1983 claim, the plaintiff alleges that she was unconstitutionally deprived of her "liberty interest, bodily integrity, right to equal protection of the law and right to due process, and right to be protected from discrimination at the hands of [WVDCR] staff based upon her gender."  Am. Compl. ¶ 41. The plaintiff does not assert § 1983 claims against WVDCR.  Id. ¶ 58.

material fact and that the movant is entitled to judgment as a
matter of law." Fed. R. Civ. P. 56(c). The court does not
"weigh the evidence and determine the truth of the matter" but
instead determines whether there is a genuine issue for trial.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
"Material facts" are those necessary to establish the elements
of a party's cause of action. Id. at 248. A "genuine" dispute
of material fact exists if, in viewing the record and all
reasonable inferences drawn therefrom in a light most favorable
to the non-moving party, a reasonable fact-finder could return a
verdict for the non-moving party. Id.; Matsushita Elec. Indus.
Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986).


### III. Discussion


The defendants argue, inter alia, that the plaintiff
failed to exhaust her administrative remedies before filing this
action, which precludes the court from considering the
plaintiff's claims by virtue of the federal Prison Litigation
Reform Act and the West Virginia Prison Litigation Reform Act.
See ECF No. 68 at 8-10; ECF No. 70 at 14-16. The plaintiff does
not respond to this argument.

The Prison Litigation Reform Act of 1995 ("PLRA"), 42
U.S.C. § 1997e et seq., provides that: "No action shall be

brought with respect to prison conditions under [42 U.S.C.
§ 1983], or any other Federal law, by a prisoner confined in any
jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted."[4]  42
U.S.C. § 1997e(a).  The PLRA exhaustion provision is mandatory
and requires inmates to "exhaust all 'available' remedies, not
just those that meet federal standards." Woodford v. Ngo, 548
U.S. 81, 84 (2006); see also Battle v. Ledford, 912 F.3d 708,
718 (4th Cir. 2019) ("[T]he PLRA does no more than require
exhaustion before filing suit . . . .").  Inmates must exhaust
every available administrative remedy that could provide some
sort of relief even where the specific relief sought (e.g.,
monetary damages) cannot be granted by the administrative
process. Booth v. Churner, 532 U.S. 731, 734 (2001).  The PLRA
exhaustion requirement requires "proper exhaustion," which
"demands compliance with an agency's deadlines and other
critical procedural rules." Woodford, 548 U.S. at 90.

        The PLRA exhaustion provision "applies to all inmate
suits about prison life, whether they involve general
circumstances or particular episodes, and whether they allege

---

[4] The term "prisoner" means "any person incarcerated or detained
in any facility who is accused of, convicted of, sentenced for,
or adjudicated delinquent for, violations of criminal law or the
terms and conditions of parole, probation, pretrial release, or
diversionary program."  42 U.S.C. § 1997e(h).

excessive force or some other wrong." <u>Porter v. Nussle</u>, 534
U.S. 516, 532 (2002); <u>see also Woodford</u>, 548 U.S. at 85
("[E]xhaustion of available administrative remedies is required
for any suit challenging prison conditions, not just for suits
under § 1983."). <u>But see Anderson v. XYZ Corr. Health Servs.,
Inc.</u>, 407 F.3d 674, 683 (4th Cir. 2005) (declining to consider
whether the PLRA's requirements apply to claims brought under
state law).[5]

The exhaustion of administrative remedies is not a
jurisdictional requirement. <u>XYZ Corr. Health Servs.</u>, 407 F.3d
at 678. A prisoner plaintiff is not required to plead
exhaustion affirmatively in the complaint. <u>See Jones v. Bock</u>,
549 U.S. 199, 216 (2007). Rather, the failure to exhaust is an
affirmative defense that must be raised by the defendant.
<u>Wilcox v. Brown</u>, 877 F.3d 161, 167 (4th Cir. 2017). A federal

---

[5] The prisoner plaintiff in <u>Anderson v. XYZ Corr. Health
Services, Inc.</u> asserted claims under state law and a § 1983
claim for violating the Eighth Amendment. 407 F.3d at 676. The
district court dismissed the matter based on the plaintiff's
failure to plead affirmatively in his complaint that he had
exhausted his administrative remedies, an issue that the court
raised <u>sua sponte</u>. <u>See id.</u> The Fourth Circuit reversed and
remanded because the PLRA's exhaustion requirement does not
impose a heightened pleading obligation and because the district
court dismissed the complaint on exhaustion grounds without
providing the plaintiff an opportunity to respond to the issue.
<u>See id.</u> at 683. The Fourth Circuit did not consider whether the
plaintiff sufficiently alleged exhaustion in his complaint, or
whether the PLRA applies to claims brought under state law. <u>Id.</u>

district court may dismiss a case for failure to exhaust administrative remedies.  See **Green v. Young**, 454 F.3d 405, 408 (4th Cir. 2006).

The West Virginia Prisoner Litigation Reform Act ("WVPLRA"), W. Va. Code § 25-1A-1 et seq., is the state equivalent of the PLRA.  The WVPLRA provides that: "An inmate may not bring a civil action regarding an ordinary administrative remedy until the procedures promulgated by the agency have been exhausted."[6]  W. Va. Code § 25-1A-2(c).  An "ordinary administrative remedy" is "a formal administrative process by which an inmate submits a grievance seeking redress or presenting concerns regarding any general or particular aspect of prison."  Id. § 25-1A-2(a).

Different procedures apply to allegations of violence, sexual assault, or sexual abuse against an inmate.  See id.  For such allegations, an inmate is not required to use "any informal grievance process, or to otherwise attempt to resolve with staff, an alleged incident involving sexual assault or sexual abuse against an inmate."  Id. § 25-1A-2a(a).  "An inmate who

---

[6] The term "inmate" means "any person confined in a correctional facility who is accused of, convicted of, sentenced for or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release or a diversionary program."  W. Va. Code § 25-1A-1(c).

alleges an incident involving sexual assault or sexual abuse may
submit a grievance without submitting it to a staff member who
is the subject of the complaint." <u>Id.</u> § 25-1A-2a(a)(1).  An
exhaustion requirement still applies to allegations of violence,
sexual assault, or sexual abuse against an inmate.  <u>Id.</u> § 25-1A-
2a(a)(g).  "[N]o inmate shall be prevented . . . from bringing a
civil or criminal action alleging violence, sexual assault or
sexual abuse, <u>after exhaustion of administrative remedies</u>."  <u>Id.</u>
§ 25-1A-2a(i) (emphasis added).  No state or federal appellate
court has yet had occasion to review the WVPLRA as it relates to
allegations of violence, sexual assault, or sexual abuse.[7]

    The defendants assert that Tygart Valley uses Policy
and Procedure 14003 of the West Virginia Regional Jail and
Correctional Facility Authority as its grievance procedure.  <u>See</u>
ECF No. 67-6 (Policy 14003); ECF No. 68 at 10.  This grievance
procedure has been in effect since July 22, 2014, and

---

[7] Prior to 2013, the language of the WVPLRA "explicitly waive[d]
the exhaustion of administrative remedies requirement for cases
. . . in which the inmate [was] alleging physical or sexual
abuse."  <u>White v. Haines</u>, 618 S.E.2d 423, 431 (W. Va. 2005).  An
inmate asserting that he/she had been subjected to physical or
sexual abuse did not have to exhaust administrative remedies
before pursuing a cause of action in state court.  <u>Id.</u>  The West
Virginia legislature amended the WVPLRA in 2013 to remove the
subsection discussed in <u>White</u> and to add § 25-1A-2a, entitled
"Exhaustion of administrative remedies which address sexual
assault and sexual abuse."  <u>See</u> 2013 W. Va. Acts H.B. 2806.
Section 25-1A-2a provides the current requirements for inmates'
allegations of violence, sexual assault, or sexual abuse.

specifically addresses allegations of sexual abuse.  <u>See</u> ECF No.
67-6 at 3-4.  The plaintiff admitted in her deposition testimony
that she was incarcerated at the time she initiated this action,
that she knew about the grievance procedure available at Tygart
Valley, and that she chose not to avail herself of the grievance
procedure.  ECF No. 68 at 10.  Relevant portions of the
plaintiff's deposition include the following:

> Q: Okay.  Did you ever file a grievance against Mr.
> Barkley?
> A: No.
>
> Q: Were you aware of the existence of a grievance
> procedure within the regional jails?
> A: Yes. . . .
>
> Q: So did you know how to file a grievance?
> A: I mean, it was pretty simple.  You just got on
> there and typed it up, but it didn't actually say for
> who it to go to.
>
> Q: Okay.  So you didn't file a grievance alleging any
> sexual manipulation by Mr. Barkley?
> A: No.
>
> Q: You didn't file a grievance regarding any sexual
> assault by Mr. Barkley?
> A: No.
>
> * * *
>
> Q: . . . And you didn't file a grievance regarding any
> alleged threats that were made by Mr. Barkley to you?
> A: No.
>
> Q: Did you file any grievance related to the sexual
> conduct that you allegedly were forced to engage with
> by Mr. Barkley?
> A: No, I never reported anything.

ECF No. 67-1 (Dep. Tr.) at 140:20-142:11.

The plaintiff's claims are of the type covered under the PLRA and the WVPLRA.  It is undisputed that Tygart Valley has a grievance procedure for the plaintiff's allegations that was in place during the relevant time period of the allegations. Despite knowing about the grievance procedure, the plaintiff admittedly failed to initiate, let alone exhaust, the grievance procedure.  In light of the plaintiff's failure to discharge her obligations under the PLRA and the WVPLRA, her case is dismissed.[8]

## IV.   Conclusion

For the foregoing reasons, it is ORDERED that the defendants' motions for summary judgment be, and they hereby are, granted.  Accordingly, it is further ORDERED that this case be, and it hereby is, dismissed without prejudice.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record.

ENTER: May 12, 2020

John T. Copenhaver, Jr.
Senior United States District Judge

---

[8] Inasmuch as the failure to exhaust available administrative remedies is dispositive in this matter, the court does not review any other specific arguments regarding the plaintiff's claims.

13